IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BLACKIE FLORINCEO ALVAREZ, | CV 04-884-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| JEAN HILL, Superintendent; MAX WILLIAMS, Director; MITCH MORROW, Asst. Director; J. GILMORE, Superintendent; S. FRANKE, Security; T. O'CONNER; T. ARMSTRONG; S. BRABB; MR. CAIN; MR. RIDER; SONIA HOYT, in individual/official capacities, | |
| Defendants. | |

BLACKIE FORINCEO ALVAREZ
SID No. 13130374
Oregon State Penitentiary
2605 State Street
Salem, OR 97310

    Plaintiff, *Pro Se*

1 - OPINION AND ORDER

**HARDY MYERS**
Attorney General
**KATHRYN A. COTRELL**
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR 97301-4096
(503) 378-6313

    Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion for Summary Judgment (#45). On August 9, 2004, the Court issued an Order Advising Plaintiff of Federal Summary Judgment Standards.

Plaintiff Blackie Florinceo Alvarez, appearing pro se and proceeding in forma pauperis, brings this action against various state corrections officials and personnel.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1343(3).

For the reasons that follow, the Court **GRANTS** Defendants' Motion.

## FACTS

Plaintiff's claims in this action arise from his prior incarceration at the Snake River Correctional Institution (SRCI). In his Complaint, Plaintiff alleges various correctional officials at SRCI (1) "substantially burdened" Plaintiff's religious freedoms in violation of his rights under the First and

2 - OPINION AND ORDER

Fourteenth Amendments; (2) caused Plaintiff to suffer severe mental anguish when Defendants substantially burdened his religious freedoms in violation of his Eighth Amendment right to be free from cruel and unusual punishment; (3) denied Plaintiff religious freedom by hindering his access to legal materials in violation of his First, Sixth, and Eighth Amendment rights; and (4) violated Plaintiff's Fourteenth Amendment right to due process because Defendants did not give him a full opportunity to participate in a hearing in connection with a misconduct report.

On August 18, 2004, Plaintiff filed a Memorandum of Law in Support of Motion for a TRO and Preliminary Injunction, which the Court construed as a Motion for Temporary Restraining Order (TRO) and Preliminary Injunction. Plaintiff sought an order requiring Defendants (1) to make the necessary arrangements to allow and/or to hire a Native American Spiritual Leader from the outside community to work at SRCI; (2) to allow a designated spiritual leader within the Native American inmate population to conduct religious ceremonies; (3) to allow Native American inmates weekly sweat lodge, drum, and pipe ceremonies; (4) to allow tobacco to be used in all Native American religious ceremonies; (5) to allow Native Americans to wear headbands throughout Oregon Department of Corrections (DOC) institutions; (6) to allow Native Americans to practice their religion freely and equally without being discriminated against or harassed; and (7) to expunge the alleged

retaliatory misconduct charges of Unauthorized Organization I and Extortion II from Plaintiff's record.

On March 7, 2005, the Court denied Plaintiff's Motion and found the restrictions on Plaintiff's religious freedom were not a substantial burden on Plaintiff's practice of religion. The Court also found Plaintiff failed to establish that he would suffer irreparable harm or immediate danger of injury if the Court did not order Defendants to expunge the charges immediately.

On December 8, 2004, Defendants filed a Motion for Summary Judgment in which they moved for Summary Judgment on all of Plaintiff's claims.

## **STANDARDS**

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id.*

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"

Villiarmo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. Id. A mere disagreement about a material issue of fact, however, does not preclude summary judgment. Jackson v. Bank of Haw., 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must come forward with more persuasive evidence than otherwise would be required. Blue Ridge Ins. Co. v. Stanewich, 142 F.3d 1145, 1147 (9th Cir. 1998)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001).

## DISCUSSION

### I. Plaintiff's Claims Involving Burdens on His Religious Freedom

"The right to exercise religious practices and beliefs does not terminate at the prison door. The free exercise right, however, is necessarily limited by the fact of incarceration, and

may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McCauley v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987)(*per curiam*)(citations omitted). To establish a free exercise violation, an inmate must show defendants burdened the practice of the inmate's religion by preventing him from engaging in conduct mandated by his religious faith. *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997). The burden imposed must be substantial rather than a mere inconvenience. *Id.* at 737.

Plaintiff contends the DOC's regulations regarding (1) religious volunteers, (2) the frequency with which inmates are allowed to attend the sweat lodge, (3) drum ceremonies, and (4) the restrictions on wearing headbands violate his religious freedom.

Viewing the record as a whole, the Court finds the restrictions on Plaintiff's religious freedom are not a substantial burden on the practice of his religion. In addition, Defendants have produced sufficient evidence that all of these restrictions are in place to achieve legitimate institutional goals and to maintain prison security.

Plaintiff also alleges the increased restrictions on participation in group religious activities in SRCI's Disciplinary Segregation Unit (DSU) impose on his religious freedom. Nonessential elements of a religion may be withheld

6 - OPINION AND ORDER

from inmates in a disciplinary segregation unit, however, even though they are provided to inmates in the general population. *Allen v. Toombs*, 827 F.2d 563, 567 (9th Cir. 1987)(security considerations supported restriction that prevented Native American inmates in the disciplinary segregation unit from participating in Sweat Lodge Ceremony). Accordingly, the Court finds SRCI's restrictions do not rise to the level of a constitutional violation of Plaintiff's rights.

II. **Access to Legal Materials**

Plaintiff contends he was deprived of adequate legal materials during his time in the DSU because he was denied adequate legal assistance and materials "at least 44 times within a six month period."

It is well-established that prisoners have a constitutional right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). *See also Cornett v. Donovan*, 51 F.3d 894, 897 (9th Cir. 1995); *Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994).

"A prisoner contending that his right of access to the courts was violated because of inadequate access to a law library must establish two things: First, he must show that the access was so limited as to be unreasonable. Second, he must show that the inadequate access caused him actual injury, i.e., show a 'specific instance in which [he] was actually denied access to

7 - OPINION AND ORDER

the courts.'" *Vandelft*, 31 F.3d at 797 (quoting *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989)(footnote omitted)). Prison officials may regulate physical access to a law library and take into account the security risk posed by the inmate. *Toussaint v. McCarthy*, 801 F.2d 1080, 1110 (9th Cir. 1986).

Plaintiff fails to show either that his access was so limited as to be unreasonable or that inadequate access caused him actual injury. Inmates in the SRCI DSU have access to law library resources through intra-facility and inter-facility correspondence systems and through satellite law library materials provided in or near the DSU. Although inmates in the DSU cannot go to the main law library to perform research, they either can research using the satellite library resources or speak to an inmate legal assistant on the telephone by appointment. The record reflects Plaintiff made full use of these resources. Plaintiff (1) received copies of requested case law 32 times in six months, (2) received copies of legal forms 11 times in six months, (3) received legal research materials 39 times in six months, (4) received pleading paper nine times in six months, and (5) spoke with an inmate legal assistant seven times in six months. The Court, therefore, finds the record establishes Defendants provided Plaintiff with reasonable access to legal materials.

Plaintiff has not alleged any other manner in which he was

denied access to the courts. In fact, Plaintiff's access to the courts is reflected in the fact that he has filed this action, filed a request for a TRO and preliminary injunction, and thoroughly responded to Defendants' Motion for Summary Judgment.

Accordingly, the Court concludes Defendants did not deny Plaintiff his constitutional right to access to the courts.

### III. Due Process Claim

In his Complaint, Plaintiff alleged Defendants violated his Fifth and Fourteenth Amendment rights to due process because Defendants did not give him a full opportunity to participate in a hearing in connection with a misconduct report. Plaintiff now moves to dismiss this claim together with his claim alleging severe mental anguish resulting from these events in violation of his rights under the Eighth Amendment. The Court grants Plaintiff's request and dismisses these claims.

### CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment (#45). The Court also **GRANTS** Plaintiff's request to dismiss his due process claims and **DISMISSES** these

claims.

    IT IS SO ORDERED.

    DATED this 14th day of December, 2005.


                                          /s/ Anna J. Brown
                                          _____
                                          ANNA J. BROWN
                                          United States District Judge